# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2020

Lyle W. Cayce
Clerk

No. 19-10185
Summary Calendar

WILLIAM PAUL BURCH,

Plaintiff-Appellant

v.

FORD MOTOR CREDIT COMPANY, L.L.C.,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-939

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

William Paul Burch moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order and judgment dismissing his civil action against Ford Motor Credit Company, L.L.C. (Ford Credit) and denying his motion to remand the case to state court. Burch argues that the case should have been remanded to the state court after he amended his petition to lower the amount of damages sought from $200,000 to $45,391.51. He also argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Ford Credit failed to establish diversity of citizenship because it did not establish the citizenship of all members of the LLC.  Burch fails to challenge the district court's conclusion that his contract claims are barred by the doctrine of res judicata.  Accordingly, that issue is waived.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

To proceed IFP on appeal, the movant must demonstrate both financial eligibility and the existence a nonfrivolous appellate issue.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  The movant does not need to be absolutely destitute to obtain IFP status.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Rather, the proper inquiry is whether the movant can afford the costs of litigation without undue hardship or deprivation of life's necessities.  *Id.* at 339.  To establish that there is a nonfrivolous issue for appeal, the movant must demonstrate that the appeal "involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  Burch fails to demonstrate that he will raise a nonfrivolous issue on appeal.  *See Howard*, 707 F.2d at 220.

His motion to update his financial status is GRANTED.  Burch's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.